UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANITA E. BELLE AND
THELMA L. BELLE

                Plaintiffs,                Case number 08-11465
                                                         Honorable Julian Abele Cook, Jr.

v.

FIRST FRANKLIN, et al,

                Defendants.

## ORDER

The issue before the Court involves a request by the *pro se* Plaintiffs, Anita Belle and Thelma L. Belle, for an order that will enjoin or stay the eviction proceedings that are currently pending against them in the 36th District Court of Michigan. In essence, it is their collective desire to prevent one of the named Defendants in this case, National City Bank, from pursuing any legal action which will directly or indirectly cause them to be evicted from a parcel of realty which is commonly known as 19935 Vaughan in Detroit, Michigan.

According to their complaint, Thelma Belle, who is 80 years old and physically disabled, holds a warranty deed and a federal land patent to the Vaughan Property. On June 20, 2007, Anita Belle, purporting to act on Thelma Belle's behalf, filed a *pro se* complaint in which she accused the Defendants of violating her mother's fundamental property rights. However, this lawsuit was dismissed by the Court without prejudice on March 31, 2008 because the purported owner of the subject property was not a party to the action and Anita Belle neither possessed nor claimed to have

1

any legal credentials (e.g., license to practice law in a federal court) to represent her mother's interests in this case.

On April 4, 2008, Anita Belle commenced another lawsuit in which her mother was included as a named Plaintiff.[1] On April 24, 2008, she filed this motion, seeking emergency relief in the form of an interlocutory injunction or a stay of the state court proceedings.

II.

Rule 65(a) of the Federal Rules of Civil Procedure permits a court, in its discretion, to issue a preliminary injunction upon giving notice to the adverse party. *Hadix v Johnson,* 871 F.2d 1087 (6th Cir. 1989) ("The granting or denial of a preliminary injunction is committed to the sound discretion of the trial court"). An order, which grants a preliminary injunction, represents an extraordinary remedy that should be issued only if the movant carries her burden of proving that the circumstances clearly demand it. *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Congress has strictly circumscribed the general authority of a district court to stay proceedings in a state court, which is subject to very limited circumstances. *See* 28 U.S.C. § 2283 (providing that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments").

III.

---

[1] The Defendants, who have been identified in this lawsuit, are First Franklin, a/k/a First Franklin Loan Services, a/k/a Home Loan Services, Inc., Wayne County (Michigan) Register of Deeds, Michael McMicken, Bernard Youngblood, National City Bank a/k/a National City Corporation, First American Title Insurance Company, Regional Financial Group Inc., Greyhound Appraisal & Investments, LLC, a/k/a Greyhound Management LLC, Nathan B. Hogan, Timothy Cook, Karen Dumas Cook, Cedric Thornton, Janice Thornton, Wayne County Sheriff's Office and Warren C. Evans.

In resolving this issue, the Court finds that the Plaintiffs have failed to satisfy their burden of establishing the need for an emergency interlocutory injunction or a stay of the state court eviction proceedings. Perhaps more importantly, they have not sufficiently outlined the authority of the Court to order such relief. *See generally, Squire v. Coughlan,* 469 F.3d 551, 555 (2006) (quoting *Younger v. Harris,* 401 U.S. 37 (1971) and noting that "absent bad faith, harassment or any other unusual circumstance, federal-court abstention is appropriate where a plaintiff invokes federal jurisdiction as a basis for obtaining injunctive relief against state-court criminal proceedings.").[2]

As the moving parties, the Plaintiffs must address these issues with some degree of clarity and thoroughness. Their pending motion has failed to do so. While mindful of a *pro se* petitioners' heavy burden under these circumstances, the Court is not persuaded that the facts and law - as presented - warrant the extraordinary remedy of enjoining the state court proceedings through an interlocutory order.

Inasmuch as the Plaintiffs have not provided the Court with any legal authority which would justify their requested relief, this motion, in which they seek to obtain an emergency *ex parte* interlocutory injunction or stay of court proceedings, must be, and is, denied.

IT IS SO ORDERED.


Dated: __May 12, 2008__                                                              s/ Julian Abele Cook, Jr.
      Detroit, Michigan                                              JULIAN ABELE COOK, JR.
                                                                            United States District Court Judge

---

[2] The *Coughlan* Court observed that the policies underlying *Younger* abstention apply with equal force to noncriminal judicial proceedings when important state interests are involved.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants, Anita Belle and Thelma Belle on May 12, 2008.

                                            s/ Kay Alford
                                            Case Manager