UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANITA E. BELLE and THELMA L. BELLE

      Plaintiffs,

  v.

FIRST FRANKLIN, WAYNE COUNTY REGISTER OF DEEDS, MICHAEL MCMICKEN, BERNARD YOUNGBLOOD, NATIONAL CITY BANK, FIRST AMERICAN TITLE INSURANCE COMPANY, REGIONAL FINANCIAL GROUP, GREYHOUND APPRAISAL AND INVESTMENTS, NATHAN B. HOGAN, TIMOTHY COOK, KAREN DUMAS COOK, CEDRIC THORNTON, JANICE THORNTON, WAYNE COUNTY SHERIFF, and WARREN C. EVANS

Case No. 08-11465
Honorable Julian Abele Cook, Jr.

      Defendants.

ORDER

The Plaintiffs, Anita Belle and Thelma Belle, initiated this lawsuit without the benefit of an attorney on April 4, 2007 in an effort to rectify that which they perceived as, among other things, a legally defective foreclosure proceeding that had been conducted by the Defendants, First Franklin et al.

I.

The relevant facts of this case were outlined by the Court in an earlier order and now serve as a backdrop for the now-pending motion, in which the Defendants, Timothy Cook and Karen Dumas Cook, collectively seek dispositive relief:

1

On April 3, 2002, Thelma Belle filed a set of pleadings in the Bankruptcy Court for the Eastern District of Michigan, seeking to obtain fiscal protection pursuant to Chapter 7 of the Bankruptcy Code in an attempt to avoid foreclosure on her home. The official records in this cause indicate that she was discharged by the Bankruptcy Court on July 10, 2002,

On August 29, 2002, a non-party, Mortgage Ltd, purchased her house at a sheriff's sale. Thereafter, Thelma Belle contacted her cousin, the Defendant, Timothy Cook, with the hope that he could intervene and help her to reclaim the house. At a closing which was conducted by an agent of First American, Cook purchased the home from Mortgage Ltd. for $48,740.12. One month later, he sold the property to the Defendant, Cedric Thornton, for the sum of $108,000 at a separate closing that had been conducted by the same First American agent. According to the Plaintiffs, Cook conspired with other Defendants to artificially inflate the appraised value of the Vaughan street property.[1]

On April 9, 2003, Cedric Thornton granted the other Plaintiff, Anita Belle, an option to purchase her mother's home for $86,400. In turn, she assigned her interest in the option to her mother. Although the option expired on October 8, 2004, Thelma Belle was able to recover her home with a purchase from Cedric Thornton on November 11, 2004 for $115,000 after obtaining a mortgage from First Franklin.

Retrospectively, the Plaintiffs now identify several alleged deficiencies with the closing, which they attribute to the Defendants; namely, (1) an inflated purchase price (which resulted in inordinately high taxes); (2) a sale executed without a purchase agreement or a HUD-1 statement; (3) a statutorily inadequate Truth in Lending Act ("TILA") form, in violation of 15 U.S.C. § 1601 et seq.; (4) the failure to provide them with the disclosures that are required by the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. 2601 et seq.; (6) an excessive amount of prepaid finance charges, contrary to 12 U.S.C. § 2607; (7) expenses that were improperly omitted from First Franklin's "Itemization of Amount Financed," which included outstanding property taxes and water bills left by Cedric Thornton; (8) data that was falsified on the mortgage application form in order to qualify Thelma Belle for a mortgage payment that, at the time, would have consumed more than half of her social security benefits; and (9) the negligent or intentional failure by First American to record the warranty deed (which impacted her tax assessment and resulted in an overcharged escrow account, contrary to RESPA, and ultimately caused her to default on the mortgage). They also complain that the Defendants (1) deprived them of their constitutional rights under 42 U.S.C. § 1982 and 42 U.S.C. § 1983, (2) committed fraud and conspiracy, and (3) violated, *inter alia,* the American with Disabilities Act ("ADA"), the Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act, Mich. Comp. Laws 445.1651 et seq., and the Michigan

---

[1]The Plaintiffs contend that the average home sales in the area during the first quarter of 2003 were approximately $82,000.

Consumer Protection Act, Mich. Comp. Laws § 445.901 et seq.

Moreover, the Plaintiffs assert that First American recorded Thelma Belle's mortgage on May 4, 2007 and recorded her deed three days later ( May 7, 2007). They also contend that on May 10th, First Franklin assigned her mortgage to another Defendant, National City, without giving proper notice, contrary to the requirements of RESPA.  This assignment allegedly took place while collection and foreclosure proceedings continued in the name of First Franklin.  The Plaintiffs also identify several problems with the foreclosure process which, in their opinion, was not - but should have been - a judicial foreclosure.  According to the Plaintiffs, these problems include (1) the publication of the notice of default one day prior to the recording of the assignment which rendered it legally defective; (2) the failure of the Defendants to post a notice of default on the premises; and (3) the failure of the Defendants to republish the notice of default after the sheriff's sale was adjourned from June 20, 2007 to August 29, 2007.

The Plaintiffs also submit that they hold a federally granted "land patent" on the property, which, in their opinion, means that the land could not "become liable to satisfaction of debts contracted prior to issuance of the land patent." *Complaint* at ¶7 g-h.  This land patent was created on June 19, 2007 (one day before the originally scheduled sheriff's sale) when Anita Belle filed an "Affidavit of Land Patent"and a "Declaration of Assignee's Update of Patent" with the Wayne County Register of Deeds.  Attached to these documents, the Plaintiffs included a copy of a purported land patent dated September 13, 1836 from the United States to a party with the surname of Woods. Anticipating that the Court may deem their "Declaration of Assignment of Land Patent" to be invalid, the Plaintiffs request that all deeds and mortgages on the property be set aside for fraud inasmuch as the original owner/assignee of the land patent "retains superior title."   They also claim ownership in the house on Vaughan street by virtue of their adverse possession for "nearly 35 years of uninterrupted homestead possession of the property"" without the original land patent owners/assignees asserting any claims of  rights of eviction.

As a result of all of the foregoing, the Plaintiffs seek to obtain (1) damages of, *inter alia,* thirty-three million dollars ($33,000,000), (2) injunctive relief, (3) a declaratory judgment regarding the wrongfulness of the Defendants' acts, (4) a rescission of the mortgage agreement and the promissory note, (5) a declaration of a quiet title, (6) attorney's fees and costs, and (7) the initiation of a criminal investigation into the activities and the prosecution of those persons/entities  who are responsible for their injuries. (ECF 84).

II.

Karen Dumas Cook and Timothy Cook have filed a joint motion to dismiss the Plaintiffs' complaint for failure to state a claim upon which relief can be granted, and/or for the entry of a summary judgment.  In 1986, the Supreme Court opined that "[o]ne of the principal purposes of

the summary judgment rule is to isolate and dispose of factually unsupportable claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Under Federal Rule of Civil Procedure 56(c), a motion for a summary judgment should be granted only if a party "show[s] that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Here, the burden is on the movants to demonstrate the absence of a genuine issue of a material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In assessing a summary judgment motion, a court should examine any pleadings, depositions, answers to interrogatories, admissions, and affidavits in a light that is most favorable to the nonmoving party. Fed. R. Civ. P. 56(c); *Boyd v. Ford Motor Co.,* 948 F.2d 283, 285 (6th Cir. 1991). It is the responsibility of a court under these circumstances to determine "whether . . . there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

A dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Hence, a summary judgment must be entered only if (1) the evidence clearly suggests that the contested matter is "so one-sided that [the proponent] must prevail as a matter of law," *id.* at 252, or (2) the opponent fails to present evidence which is "sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. It should also be noted that the presentation of a mere scintilla of supporting evidence by the movant is grossly insufficient. *See Anderson*, 477 U.S. at 252, *quoted in Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).

III.

At the outset, it should be noted that the Cooks' motion is unopposed. Local Rule 7.1(c) for the Eastern District of Michigan requires that a "respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. L.R. 7.1(c). The Court notified the parties on January 11, 2012 that responses were due on or before February 3, 2012. The Plaintiffs, in failing to file any response to this motion, are in violation of our Local Rules.

When a motion for summary judgment goes unopposed, the district court may rely upon the facts provided by the moving party. *Guarino v. Brookfield Township Trs.*, 980 F.2d, 399, 404-05 (6th Cir.1992). The Plaintiffs' complaint alleges claims of conspiracy and fraud against Timothy Cook and Karen Dumas Cook. However, in their motion for summary judgment, the Cooks submit that (1) there was never any transaction between the Cooks and the Plaintiffs; (2) Timothy Cook never worked for Regional Financial Group, Cedric Thornton, or any of the other named Defendants; and (3) there are no facts in the complaint that connect the Cooks to the acts of Regional Financial or any other company that was a party to the transaction between Cedric Thornton and Thelma Belle.

Furthermore, to adequately plead fraud in a complaint, a party must comply with Federal Rule of Civil Procedure 9(b) which requires the plaintiff to "state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). To satisfy the particularity requirements of Rule 9(b), a plaintiff, at a minimum, must "allege the time, place, and contents of the misrepresentation(s) upon which he relied." *Bender v. Southland Corp.,* 749 F.2d 1205, 1216 (6th Cir.1984). Specifically, the Sixth Circuit has held that the complaint must "(1) specify the

statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.,* 547 F.3d 564, 570 (6th Cir. 2008). The threshold test is "whether the complaint places the defendant on sufficient notice of the misrepresentation, allowing the defendant...to answer, addressing in an informed way the [plaintiff's] claim of fraud. *Coffey v. Foamex,* 2 F.3d 157, 162 (6th Cir.1993). The complaint does not contain the requisite detail. Indeed, the complaint focuses on the alleged misdeeds of the other Defendants, without specifying any particular acts of Timothy Cook or Karen Dumas Cook. Furthermore, the Plaintiffs have failed to file any papers in response to this motion. Therefore, the Cooks' motion for summary judgment is granted.

IV.

For the reasons stated above, the Cooks' motion for summary judgment is granted. (ECF 102). This resolves the last pending motion before the Court. The case is hereby closed.

IT IS SO ORDERED.

Date: May 14, 2012               s/Julian Abele Cook, Jr.
                                 JULIAN ABELE COOK, JR.
                                 U.S. District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on May 14, 2012.

                                 s/ Kay Doaks
                                 Case Manager